IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKARI NAGIE,<br><br>                Petitioner,<br><br>    vs.<br><br>BRIAN DUFFY, Warden, California Medical Facility,[1]<br><br>                Respondent. | No. 2:12-cv-2278-JKS<br><br>MEMORANDUM DECISION |

      Jackari Nagie, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Nagie is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California Medical Facility. Respondent has answered. Nagie has not replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

      On December 30, 2008, Nagie was charged by Superior Court Information with four counts of second-degree robbery and two counts of second-degree attempted robbery. With respect to all counts, the Information further alleged that Nagie personally used a firearm in the commission of the offenses. Nagie initially pled not guilty to the charges and their enhancements. He later withdrew his plea and pled guilty and was sentenced to 18 years' imprisonment.

---

[1]     Brian Duffy, Warden, California Medical Facility, is substituted for Ronald E. Barnes. FED. R. CIV. P. 25(c).

Trial counsel subsequently requested to be removed as counsel after Nagie stated that he wanted to withdraw his plea on the ground that he was not aware of its consequences. The court appointed conflict counsel. The court then declined to relieve trial counsel after Nagie informed the court that, after consulting with conflict counsel, he no longer wished to withdraw his plea.

Nagie directly appealed but subsequently withdrew that appeal.

Nagie filed a petition for writ of habeas corpus with the San Joaquin County Superior Court. Nagie argued that: 1) trial counsel was ineffective for failing to adequately defend against the firearm enhancement allegations; 2) trial counsel was ineffective for failing to familiarize himself with the law and inform Nagie that the prosecution would be required to prove the elements of the firearm enhancements beyond a reasonable doubt prior to advising Nagie to plead guilty; 3) trial counsel failed to advise him "of the right to a trial by jury . . . and/or the potential disadvantages [of] waiving Constitutional rights to challenge the sufficiency of the evidence," and "did not speak with [Nagie] before, during, or after plea negotiations," and; 4) trial counsel was ineffective for failing to argue that evidence relating to the robberies which was found after Nagie was detained on a traffic stop should have been suppressed. The superior court denied the petition in a reasoned opinion.

Nagie then filed a petition for writ of habeas corpus with the California Court of Appeal raising these same arguments. The Court of Appeal summarily denied the petition.

Nagie repeated his arguments in his petition for writ of habeas corpus filed with the California Supreme Court which the court summarily denied.

Nagie timely filed his Petition for Writ of Habeas Corpus with this Court on August 29, 2012.

## II. GROUNDS RAISED

Nagie asserts the same claims he argued in his state petitions for writ of habeas corpus–namely, that: 1) trial counsel was ineffective for failing to adequately defend against the firearm enhancement allegations; 2) trial counsel was ineffective for failing to familiarize himself with the law and inform Nagie that the prosecution would be required to prove the elements of the firearm enhancements beyond a reasonable doubt prior to advising Nagie to plead guilty; 3) trial counsel failed to advise him "of the right to a trial by jury . . . and/or the potential disadvantages of waiving Constitutional rights to challenge the sufficiency of the evidence," and "did not speak with [Nagie] before, during, or after plea negotiations," and; 4) trial counsel was ineffective for failing to argue that evidence which was found after Nagie was detained on a traffic stop should have been suppressed.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A state court is not required to give reasons before its decision can be deemed to be "adjudicated on the merits." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). Where there is no reasoned state-court decision denying a claim presented to the state, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)). Where the presumption applies, this Court must perform an independent review of the record to ascertain whether the state court decision was "objectively unreasonable." *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (quoting *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir 2005) (per curiam)). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Nagie did not file a traverse.  28 U.S.C. § 2248 provides:

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

Ordinarily, under § 2248, where there is no denial of the Respondent's allegations in the answer, or the denial is merely formal unsupported by an evidentiary basis, the court must accept Respondent's allegations.  *See Carlson v. Landon*, 342 U.S. 524, 530 (1952).

## IV. DISCUSSION

Nagie raises four claims alleging that he was denied the right to effective trial counsel. As an initial matter, the claims occurred prior to the entry of Nagie's guilty plea.  Consequently, review of these claims is foreclosed by this Court on habeas review.  The Supreme Court has directly addressed the subject, stating as follows:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

Construing Nagie's claims liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), only Claim Three can reasonably be interpreted as an attack on the voluntariness of his guilty plea. Despite that review of Claims One, Two and Four by this Court is foreclosed, all claims are briefly addressed below.

<u>Claims One and Two: Alleged failure to be aware of the law and adequately defend the firearm enhancements</u>

Nagie argues that trial counsel was ineffective because counsel was not aware that in order for a jury to convict him for personal use a firearm, the prosecution was required to prove that he did in fact use a firearm. Nagie further argues that trial counsel failed to adequately defend against the firearm enhancements.

During his plea colloquy, Nagie pled guilty to the charges, including the firearm enhancements, and explicitly gave up his right to present a defense. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[t]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). Counsel cannot be ineffective for failing to present a defense where Nagie unconditionally gave up that right in accepting the plea deal. The Appellate Division's conclusion that Nagie was not entitled to relief on this claim is not contrary to or an unreasonable application of federal law.

<u>Claim Three: Alleged failure to advise</u>

Nagie next argues that trial counsel was ineffective in failing to advise him "of the right to a trial by jury . . . and/or the potential disadvantages of waiving Constitutional rights to challenge the sufficiency of the evidence," and also claims that counsel "did not speak with [Nagie] before, during, or after plea negotiations."

As the superior court concluded in its reasoned opinion, Nagie's claim that counsel was ineffective during the plea process is contradicted by the record. At the change of plea hearing, the court engaged in the following colloquy with Nagie and defense counsel:

| | |
|---|---|
| [DEFENSE COUNSEL]: | Your Honor, I've spoken with Mr. Nagie in detail and he was present when the district attorney made the offer and, at this time, Mr. Nagie is prepared to accept the offer– |
| THE COURT: | Okay. |
| [DEFENSE COUNSEL]: | –for the 18 years. |
| THE COURT: | And, Mr. Nagie, is that what you want to do? |
| [NAGIE]: | Honest, no, you know. Yeah. Yeah. |
| [DEFENSE COUNSEL]: | You need to be sure. If you are not sure–I mean, certainly, 18 years is a lot of time. On the other hand, given your exposure in this case, it's probably a reasonable settlement in this case, but the question is: Are you willing to accept that at this time? |
| [NAGIE]: | Yep. |
| THE COURT: | Okay. And in this matter you understand that you are going to go to state prison for a period of 18 years. Once you complete that, you'd be subject to parole. That would be up to four years. |

Nagie then answered affirmatively when asked if he wanted to give up his right to a jury trial, the right to confront and cross-examine witnesses, the rights to present a defense and subpoena witnesses, and the right to remain silent.

The record therefore demonstrates that defense counsel represented that Nagie was present when the plea offer was made and that they had discussed it in detail. Nagie himself represented in open court that he was giving up various constitutional rights including the right to a trial by jury and the right to present a defense. These representations constitute a "formidable barrier" in collateral proceedings which Nagie's after-the-fact conclusory allegations implying that his plea was not voluntary cannot overcome. *See Blackledge*, 431 U.S. at 73-74. Accordingly, the superior court's determination that Nagie could not succeed on this claim is not contrary to established federal law.

<u>Claim Four: Alleged failure to argue for the suppression of evidence</u>

Nagie lastly argues that trial counsel was ineffective for failing to argue that he was illegally detained and that "the searches and detaining cannot be upheld."

Nagie's argument is belied by the record.  Defense counsel filed a 29-page motion and later argued before the court that the search of Nagie's car was warrantless and that two items which were later found in a search of his hotel room should be suppressed.  Although defense counsel was unsuccessful in obtaining suppression of these items, Nagie cannot succeed in arguing that defense counsel's performance was deficient where counsel did in fact vigorously argue for suppression of the items at issue.

## V. CONCLUSION

Nagie is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: November 5, 2013.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge